Listed for oral argument this morning and that is the matter of Richardson versus Director of the Federal Bureau of Prisons. Ms. Morgan Kurtz, you are arguing for the appellate. Yes, Your Honor. With the court's leave, I ask to receive three minutes for rebuttal. Granted. Defendants agree that this court's decision in Shelton controls the substantive question at issue in this case about something that simply is not. Well, the case turns very much on a chronology here and I'm not unfamiliar with class action cases, but I must admit I've never seen anything quite like this one, at least procedurally. At the outset, are you able to explain why there was really never a motion for class certification filed by the representative plaintiff? Absolutely, Your Honor. As noted in the briefs, the case of Shelton and Richardson are essentially the same class action just brought by two different plaintiffs by counsel. From the outset, counsel's intent in these cases was to file each plaintiff's case as soon as they were legally able to by exhausting their administrative remedies to protect their claims before they were transferred out of Lewisburg. Shelton filed his case as soon as Mr. Richardson completed his grievances. He filed his case. Less than three months later, the motion to consolidation was filed in Shelton. Plaintiffs had no reason to believe that that motion would not be granted as it was about the same class action. However, in class actions, certification, for lack of a better expression, is where it's at. Ninety percent of what is involved in a class action anymore takes place at the class action stage, at the certification stage. It's where there is now considerable discovery. Now various issues are resolved completely separate from the merits. To put it very simply, it's a critical phase and courts recognize it as such and the process has changed over the last 30 years profoundly in that direction. So it's a highly unusual set of procedural facts that confront us where we haven't actually seen a motion for class certification. So, I mean, isn't the critical inquiry here for you an inquiry of relation back and to what date we can relate back Mr. Richardson's actual claim for certification? Relation back is certainly a key question. However, this case also falls squarely within the doctrine of capable of repetition and not evading review. Well, let's stick to relation back for now. What do you make of the fact that your client filed a complaint which plainly raised class certification and class status? There's never a question in this case that what he sought to do was be a representative plaintiff in a class action, right? I mean, everybody knew that. So can we look to the complaint as being the critical date? And if that's the case, you've got no problem. You don't have to look at capable of repetition, right? I mean, you've got a relation back well before he was transferred. I think it's perfectly reasonable to look back to the filing of the complaint because as your honor mentioned, it was clear from the complaint we were seeking a class action. And in fact, the lower court below treated the motion to dismiss by the defendants as essentially a rebuttal of a motion for class certification. So all of those class certification issues were addressed. The district judge, in fact, in his opinion disposing of various motions, specifically said that the plaintiff moved for a class certification and cited to the amended complaint and the affirmance in the amended complaint, right? Yes, your honor. And that too is well within the period of time that would provide for relationship back for you. Yes, Mr. Richardson was still incarcerated at Lewisburg at the time that the amended complaint was filed. Let me ask you a practical question. Why should we have these two cases going on? I mean, shouldn't regardless of our disposition here, shouldn't Richardson be joined with Shelton or is that impractical for some reason? Richardson should absolutely ultimately be joined with Shelton. But the two cases did not involve all the same claims, right? I mean, I think Shelton had some statutory claims. Yes. I was on the Shelton panel, so I'm recalling it's a little bit more to it. Yes, Mr. Shelton's claims included some FTCA claims. And Mr. Shelton and Mr. Richardson provide examples of two ways in which one policy is enacted at USP Lewisburg. And that Mr. Shelton did not, he accepted the placement of volatile and violent cellmates with him in a cell and was ultimately subjected to assaults by those inmates. Whereas Mr. Richardson rejected that placement and as punishment for rejecting cellmates that he believed would harm him, he was placed in punitive restraints on one occasion for at least 28 days. But are you accepting then the prudent thing to do is to remand and just have the two cases be consolidated? Or do you want something else to happen? Absolutely. A lot of this has simplified the entire process of this litigation, which at this point has gone on for over five years with defendants dragging their feet. And at this point, it's been a year and a half since Shelton was remanded, and that case has still not progressed to discovery. We've got really two questions of mootness here, right? Yes, Your Honor. And we've been discussing the first one. The second one goes to the individuals who actually were holding these positions at the prison where this SMU was located, right at Lewisburg. Yes, Your Honor. I believe we received a 28-J that indicated there are no longer any of the original defendants here working within the system. Is that right? The 28-J letter from the defendants state that as of the end of May, the final individual plaintiff who was at Lewisburg will no longer be at Lewisburg. So does that matter? No, Your Honor, it doesn't. Each of these defendants was sued in their official capacity. And under the federal rules of civil procedure, substitution of official capacity defendants is automatic. And correct me if I'm wrong, but what your theory and allegations suggest here is not that these individual defendants, these individuals were perpetrating actions that were violative of the Eighth Amendment, but rather that an official policy existed at this institution which was actually inconsistent with the written policy or with the formal policy that should obtain. Is that correct? The policy, you allege, is to violate the existing policy. Essentially, yes, Your Honor. The lawsuit against these official capacity defendants alleges that there was an unofficial policy or practice at that institution of either two things. One, that there was an assertive effort to put inmates in these horrible situations where they had to make this choice. Or it's simply a complete lack of policy regarding the fact that the prison officials need to make a more assertive inquiry into whether or not cellmates are going to be violent towards each other and to take into consideration whether or not the cellmates are going to be violent towards  assaults. And I'm not just standing there begging a corrections officer, please do not put him in here with me. He will try to kill me. In either of those situations, it gives us the result we have at Lewisburg, which is an extremely high rate of inmate on inmate assaults. Is it a high rate? I reread those statistics yesterday. They covered a four-year period, maybe? I believe so. And when I figured it out, it was less than one assaultive event every eight to ten days or something like that. I mean, you put a bunch of men with criminal records together, that doesn't sound unusually high. Well, there are two different factors that contribute to that number. One is that, also taken into consideration, is those numbers are from over five years ago. At this point, we have no idea what the rate of assault at Lewisburg is. Well, you're the one advancing the use of the statistics, though. I mean, you can hardly ask us to speculate on what they might be now over the statistics you gave us. Yes. And in addition to those numbers, the policy is not just   limited to assaults between cellmates, but there are a high number of individuals who choose that they would rather reject that hostile placement and then be subjected to punitive restraints. So the number of assaults is lower than it could be because you have inmates like Mr. Richardson, who objected and said, no, I will not take that placement. I will not cough up because I'm afraid for my life. And as a result, ended up being essentially    I'd just like to follow up on Judge Hardiman's question. The relief that sought in Shelton, if granted, would cover the relief you're seeking in Richardson, is that correct? Yes, Your Honor. We're seeking a change in the policy and practice at Lewisburg regarding these issues. So why do we have two cases? Why do we have him as a member? He's a member of Shelton's class. Yes, Your Honor. And he's a representative plaintiff in this class.    This is a 23B2 situation, so there's no opt-out in order to maintain your own class of action. But what are we doing here? Why is it necessary? There are three reasons to continue to have both of these individuals as named representatives for this class. The first is that it is the plaintiff's choice to choose who represents their class and not the defendant's option to moot out everyone and pick off potential plaintiffs. Secondly, because of how long this case has lingered, the  defendant's option to moot out everyone and pick off potential plaintiffs has lingered. We have yet to proceed to discovery or to have motions on the issue of exhaustion and grievances. And it's entirely possible that in that realm, a court could decide that Mr. Shelton had not fully exhausted his administrative remedies, at which point having a second named representative who plaintiffs allege has exhausted his remedies would become integral to preserving this class. And lastly,   class and not the defendant's option to moot out everyone and pick  I'm not going to contend that this is one class of all inmates at Lewisburg. There is the possibility that a court who fully considers a motion for class certification would deem subclasses necessary. And in the event that subclasses were necessary, you would need a representative plaintiff from both. Well, are we really in a position to consider consolidation before the district court has had an opportunity to go through the 23A factors and determine whether certification is necessary? Well, I think that the question is, is class certification for either case appropriate? I mean, in this case, rather in Shelton, we had a district judge improvidently applying ascertainability. And our panel said so, and we sent it back. But the court would still then have to go through all the hoops required for class certification. And the fact    some claims in one case that do not require class certification, and the claims that don't exist in another case, may impact on issues at least of, certainly not numerosity, but at least issues of commonality, issues of predominance. So it seems to me there is a lot of work for the district court yet to do if this goes back to him to revisit class certification and essentially start all over again. First, with regards to the different claims, the FDCA claims raised by   class certification were individual claims. He did not seek class certification on an FDCA because of the extensive grievance and individualized process with those claims. So when it comes to the claims that class action is asserted for, they are the same for both. And yes, there is a lot of work to be done on class certification. However, that is all discovery and work that needs to be done by the district court and remanded back to them. Okay. But then, what you have, and I'm not disagreeing with you, but what I'm suggesting is that then what you have to do is you have to look at who may have, certainly, A1, 2, 3, and 4, that leaves four, which is adequacy, and there may definitely be some question as to who ought to be the representative plaintiff. For example, if Mr. Shelton were to continue to be at the SMU or in Lewisburg, he may be a much more appropriate class representative than is Mr. Richardson, who is no longer at the SMU. Right? I mean, that could be the case. What I'm suggesting is there are reasons for having the district court consider these two cases and put the plaintiffs through the class certification hoops before getting to a question of consolidation. Yes, Your Honor. At this point, what plaintiffs seek on this appeal is that fair opportunity to move forward on class certification. All right. Thank you very much. We'll have you back on rebuttal and hear from Mr. Butler. Yes, Your Honor. Mayor of the Police Court, Michael Butler, on behalf of the prison officials. Your name, I think, has been misspelled on our minutes here. I don't think there are usually two Ts in Butler unless you have a unique spelling. B-U-T-L-E-R. Michael Butler on behalf of the prison officials. I believe, Your Honors, this issue right off the bat is the idea that there was no motion to certify filed in this case. Read the rule. I'm sorry? Read the rule. There doesn't have to be. There is no requirement in Rule 23 that a class representative file a motion for certification. Under the local rule, 23.3, there is. And they have to do it within 90 days. And the 90 days is met if, with one theory, it's been raised as the district court directly found, moved by virtue of the filing of the complaint. Well, I understand. What are we to make of that? We defer to a district court. And if there is any area where we give huge discretion to a trial judge, it's in the class action area. We have a district judge here who said that the plaintiff moved for class certification with the filing of the complaint. With all due respect to Judge Neal, I believe he made a mistake. I believe he made a mistake in saying that there was a motion. How is it a mistake when Rule 23 doesn't say anything about a motion? Well. Isn't that a quintessential example of the amount of discretion afforded to a district judge in managing class litigation? Well, courts have found that there are stages of class action. You file the class action complaint. You move to certify. And then the class action is certified. And that's where Garrity was discussing this. And Garrity and Sostin were discussing how a class action becomes a legal status in and of itself. So the class action, whether or not you look and see the class action becomes moot, you determine whether or not it has become its own legal entity. And to do that, they have to move to certify. And to move to certify, the court then has to certify the class. The court did not certify a class here. So it denied certification, right? It essentially dismissed the class action complaint, the class action claim. And the idea that they were waiting to certify this class based on what Mr. Shelton did, I don't think we can look at that because we don't know what Richardson was thinking at the time. I think my colleague said that that was the plaintiff's choice. Mr. Richardson chose to be his own representative. That's not what the district court said. The district court said he moved for certification. And to be his own class representative. And so he didn't rely on Shelton. So what their argument is is they're relying on Shelton for this consolidation motion. So they're relying on his certification motion, their consolidation motion. So they're relying on the certification of Mr. Shelton. So it's an opposite. What is it? Richardson's going for himself or is Richardson going with Shelton? Well, you thought he was going for the class. We did believe that he was being a class representative. So he files an amended complaint on July 27th, right? He does. And two weeks later, you know, we're not even close to the end of the 90-day period. You file a motion to dismiss, which is proper. And that motion to dismiss argues that Richardson failed to make the requisite showing of numerosity, commonality, typicality, and representational adequacy. In fact, I think you used the term that he had failed to ‑‑ I think you used the term class certification motion in that motion seeking to dismiss, didn't you? That I'm not sure. I have to look that up. So if you think he's trying to bring a class action and you're explaining to the district court why he has not satisfied the requirements of a class action, how could it be wrong for the district court to infer that he was pursuing a class action? Well, I think the court can look at the allegations themselves. And I know that there was mistakes made by the district court as to ascertainability. It was a conspiracy of ignorance, including yourself, the plaintiff's counsel, and the judge. Everyone thought this was a class action, but now, with the benefit of hindsight, everyone was wrong. Okay. Well, we then have to go ‑‑ I mean, is that ‑‑ do you agree with that or not? Well, I don't know if I go that far, but I think that there were some mistakes made in how the district court dismissed the case based on the court's ruling in Shelton. All right. Well, you conceded that as was proper. I mean, the case has to go back for that reason, right? So why ‑‑ shouldn't we focus now on what should happen on remand? Should we ‑‑ would that be fruitful for both sides in the court? No, Your Honor. We have to look at jurisdiction because you have to look at jurisdiction right now. All right. So why doesn't this claim by Richardson relate back? What it relates ‑‑ I mean, you've rejected the notion that the class certification was raised and possibly resolved, if we take the district court at its word, with the filing of the amended complaint. Well, we have to look at what it relates back to. So doesn't it relate back to the time that the court dismissed the action on April 9, 2013? Because that's the date. It's got to relate back to a time he was still incarcerated in the SMU, right? No. I think it has to relate back to the time the court makes its decision. And, Garrity, I think at footnote 11, the court makes the determination. What decision? The court made its decision to dismiss the class action on April 9, 2013. At that point, Mr. Shelton was gone. He was gone for ‑‑ on September 12, 2012. So he was gone for months at a time during the time that the court was considering our motion to dismiss. There was never a class action certification filed during that time. Never. What's the problem, though, for you here? You're going to have to defend a class action. I would assume that your problem is you don't want to defend two class actions when you'd rather defend one. Well, the answer to the question that you posed to my colleague here is Mr. Shelton is no longer at the SMU either. And the reason why ‑‑ All right, but you can make your arguments about mootness or what have you, et cetera. But you're going to have to defend one class action, right? That's the state of affairs. Shelton, right? We're arguing jurisdiction in Shelton as well. Okay. So why don't the two cases just be put in front of the same judge and the arguments can be made by the lawyers? And is that, I guess what I'm suggesting is, is there not a practical solution here that both sides might be amenable to? I would disagree, Ron, because right now he has no jurisdiction to present his claim. Would you agree that it is much more efficient for you at least and for the courts to have one class action instead of two to deal with, irrespective of whether you've got a mootness issue to raise? Assuming for purposes that there's jurisdiction in both cases, one class action, yes, that would be ‑‑ Well, there may not be any jurisdiction left if you eventually prevail on mootness. I'm talking about right now. Sending this case back so a district judge can do, as district judges do every day in this country in Rule 23 matters, manage it appropriately. And it would seem to me anyway, and maybe my colleagues see it this way as well, that we have two very similar, if not identical, actions putting aside the statutory claims in Shelton, which are not subject to certification, and the judge ought to be dealing with those two cases as a unitary matter. Well, you'd be remanding a matter back that has no jurisdiction. There's no personal stake in this matter. So what you might as well do is ‑‑ If you're right. If I'm right. And I will flat out tell you I don't think you are. Okay. And I'll say maybe you are, but it's not our place. It's the district judge's place to make that decision, right? I don't think so. If he hasn't already done so in his opinion. You can make that decision now, I think. Why couldn't you? You could make a decision that Mr. Richardson has ‑‑ Well, if we agree with you on the relation back, but you may not have the votes on that, I don't know. Well, what about the idea that there are four individuals who they claim injunctive relief against who are no longer there. They're claiming that there's this policy or procedure. But that's not the allegations in the complaint. I'll list out the allegations for you. Paragraph 29. Bledsoe, Hudson, and Young were on a cell assignment committee. Young and Hudson were associate wardens tasked with inmate placement decisions. The committee must consider safety. 36. Young and Hudson, despite their knowledge, they maintain a practice of intentionally selling hostile inmates together. I could go on. So what they're saying is that these correctional officers, these prison officials had this practice of violating BOP policy of Lewisburg policy and putting two hostile inmates together, whatever hostile means, together. They're not there. So you can't say that the person who's going to substitute in is now going to be doing that illegal practice without any more ‑‑ So you make that argument to the fact finder. I believe I can make it as Spooner did to you. Well, we don't even know who the substituted parties are. And we're not in the habit of taking evidence in this court. I think as a jurisdiction you can. You can. Well, maybe are you saying there should be jurisdictional discovery? No, but I can present to you in a follow‑up, if your honors would like, the substituted parties. And then you're going to tell us how they behave and what their procedures are and we're going to make findings of fact about that? No, the complaint has to do that. The complaint has to provide. A systematic thing, irrespective of the personnel who are actually executing it. I respectfully disagree. I think what the complaint says is that there is a practice by the prison officials who are in those positions that they improperly place hostile inmates together. So if you take those off the board, the rest of the stuff goes away because these hostile inmates aren't being placed together. All right, so if we agree with you and we say there's no jurisdiction, then you've got new people in place and then Richardson files a or some other person housed there files a new complaint against the new officials and then you start all over again and litigate whether these new officials are behaving in the same fashion, allegedly, that their predecessors did. Is that where we go? There would have to be an individual plaintiff who is in the SMU, unlike Mr. Richardson who is at ADX Florence, who can make those allegations. Mr. Richardson could make those allegations because he's not in the SMU. Allegations, yes. But we know from Garrity forward that a class representative may still pursue on appeal the interests of the class, notwithstanding the fact that the representative no longer meets the requirements of being a class member. So I'm having a difficult time getting your point. As a practical matter, it is in cases where there are ongoing practices or violations, alleged violations of policies, not difficult to obtain a class representative to pursue the action or continue the action. Everybody who knows class actions know that they're lawyer-driven cases, almost totally. Let's look at Garrity. Garrity made a decision that you relate it back to the time that the procedural error occurred. And if that is when you look at the procedural error, and if there was standing at that procedural error, there is standing to pursue that case. If you say there's a procedural error that happened on April 19, 2013, and if you say we look back at that particular date, Mr. Richardson was not at the SMU. I agree with you on that chronology. It relates back to that particular time. He's not at the SMU. There's no jurisdiction. You can't relate it back to the class action itself when a complaint was filed or the amended complaint was filed. That would come as a great shock to one of our colleagues, Judge Sirica, who has written at least one opinion that indicates that it may relate back to the date of the filing. In Weiss. In Weiss, that decision was made under the Fair Collection Debt Act when they were picking off the plaintiffs. It's a Rule 68 case. Its language relative to the efficacy of a complaint for purposes of being a motion for class certification has no less weight. Well, that case was so unique because that was picked off within 60 days. Sixty days after the complaint was filed, it was picked off. They offered a judgment. Now, that was abrogated, but if Pamela Ebal's decision, if that was money deposited in an account, 60 days, that's too short of a time. The courts are saying, no, we can't allow that. In this case, it wasn't 60 days. It wasn't 90 days. It was 15 months of no motion for class certification. The courts are looking for a motion for class certification. They're looking for it. Now, it might not be in the rule, but the courts have said, we're looking for a motion for class certification. We're looking for when that legal status happens. The court treated it as a class action case, just like you did. We moved to dismiss it. Now, you moved to dismiss what you viewed as a class action, and the district court treated it as such. So, as I understand it, what you're left with arguing is that the technicality of not filing a formal motion, which, as Judge Smith has already pointed out, is not even required under the federal rules, is fatal to their case. Have I summed up your argument correctly? No, Your Honor. I have to look at my motion in a brief, but I don't believe that we treated it as if there was a certification of this class action. I think what we did was we looked at the allegations in the complaint, the entire complaint, and we moved to dismiss the entire complaint. We didn't look at it as if this status has become its own legal entity. We looked at the allegations in the complaint, we moved to dismiss it, and I think we're allowed under the civil rules procedure to move to dismiss the complaint, despite the fact it hasn't been certified. Well, we can look at the complaint, I mean the motion, but I thought you were challenging numerosity, commonality, typicality. You would agree those are all class action prerequisites. They are. And I believe that you also have to allege those in the complaint sufficiently. Well, if you raise them in defense, it stands to reason that they put you on notice that Richardson was pursuing that. You wouldn't have just invented that to respond to it. Well, but again, there are allegations in the complaint. The courts have said that the class action, in order for it not to be moved, has to develop its own legal status. Interestingly enough, there was no response when we filed. Why don't you take a look at 171 in the appendix? Okay. The court should dismiss the class action claims because plaintiff fails to make the requisite showing for a class action. And is that the brief filed by yourself? That is, Your Honor. But if you look through the brief, it's talking about the factual allegations in the complaint. We're not discussing the evidence they presented. We're looking at the elements that they raise in the complaint. We're raising the issues that they fail to allege certain things in the complaint. Your point heading says the court should dismiss the class action claims. The claims that are in the complaint. The class action claims. Are you now saying that you did not treat the complaint as a class action? No, we treated the complaint as raising class action claims. But I think there's a difference. You are suggesting that the lack of a motion. I mean, given what Judge Hardiman just pointed out to you, you are suggesting that the lack of a motion is critical here. Notwithstanding the fact that Rule 23 does not require a motion. I think the courts require a motion. I think the courts have interpreted Rule 23 to require a motion for classification. I think when you look at Gary, if you look at the stages of a class action, it's filing of the amended complaint. It's the motion for classification. Should it happen that way? Yes. Sure. Does it always happen that way? No. Have we ever said it must happen that way? No. Thank you very much. We'll have Ms. Morgan Kurtz back on rebuttal. All right. One final point regarding some of the comments made by my colleague is that he said that Weiss and relating back to the complaint was not appropriate here because Weiss was a special circumstance involving the picking off of plaintiffs. And that is exactly the case that you have here. You've said when they move folks out of Lewisburg, that's their method of picking people off. Yes, absolutely. And unlike in Rule 68 situations where the plaintiff has the opportunity to reject the offer and continue to be a representative, Mr. Richardson and Mr. Shelton do not have that option. The Federal Bureau of Prisons chooses to move them out of the institution, and there's nothing they can do about it. Anything further? That's all, Your Honor. All right. Thank you. Thank you very much to counsel for their arguments in an interesting case, certainly interesting procedurally. We'll take the matter under advisement. We'll ask the clerk to close the proceeding. Please rise. The court is adjourned until Thursday, May 19th.